STRADLING YOCCA CARLSON & RAUTH, P.C.
Fred Neufeld (State Bar No. 150759)
Gregory K. Jones (State Bar No. 181072)
10100 N Santa Monica Blvd, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 214-7000
Facsimile: (424) 214-7010
E-mail: fneufeld@sycr.com
E-mail: gjones@sycr.com

*Attorneys for Debtor World of Dance Tour Inc.*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>WORLD OF DANCE TOUR INC.,<br><br>    Debtor and Debtor in Possession. | Case No. 8:20-bk-12963-TA<br><br>Chapter 11<br><br>**NOTICE OF MOTION AND MOTION OF WORLD OF DANCE TOUR INC. FOR ORDER AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATTHEW EVERITT IN SUPPORT THEREOF**<br><br>(Supplemental Notice of Hearing to Be Held Remotely Using ZoomGov Audio and Video filed concurrently herewith)<br><br>**Hearing:**<br>Date and Time: **December 2, 2020, 10:00 a.m.**<br>Place: Courtroom 5B<br>Ronald Reagan Federal Bldg. & Courthouse<br>411 West Fourth Street<br>Santa Ana, CA 92701 |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

4851-0466-0943v2/103198-0000

**TO THE HONORABLE THEODOR C. ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE U.S. TRUSTEE AND ALL PARTIES IN INTEREST:**

### NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE THAT** the above-captioned debtor and debtor-in-possession, World of Dance Tour Inc. (the "Debtor" or "WOD"), hereby moves this United States Bankruptcy Court (the "Court"), pursuant to Sections 105, 345, 363, 1107(a), and 1108 of the Bankruptcy Code, for entry of an order authorizing the maintenance and continued use of the Debtor's existing bank accounts (the "Accounts") and cash management system (the "Motion")

As set forth in detail in the annexed Memorandum of Points and Authorities, and as supported by the annexed Declaration of Matthew Everitt (the Chief Financial Officer of the Debtor), good and sufficient grounds exist for granting this Motion. The Debtor currently maintains its accounts with Bank of America (the "Bank").  If the Debtor is required to close the Accounts and open new accounts, doing so will disrupt the Debtor's cash flow, which is essential for the operation of the Debtor's business, and increase the work of the Debtor's accounting personnel, who are already dealing with the many and varied issues related to this chapter 11 case. Closing the Accounts and opening new accounts would needlessly cost the Debtor time and money with no discernible benefit to the estate at a time when it is trying to conserve both.

**PLEASE TAKE FURTHER NOTICE** that the hearing on the Motion will be held on December 2, 2020, at 10:00 a.m., in Courtroom 5B of the United States Bankruptcy Court, Santa Ana Division, located in the Ronald Reagan Federal Bldg. & Courthouse 411 West Fourth Street, Santa Ana, CA 92701.

**PLEASE TAKE FURTHER NOTICE THAT** because of the COVID-19 pandemic, the Bankruptcy Court will conduct the hearing using ZoomGov audio and video technology. A *Supplemental Notice of Hearing to Be Held Remotely Using ZoomGov Audio and Video* will be filed with the Bankruptcy Court and served upon you, which will provide the information on how to participate in the hearing using ZoomGov.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

4851-0466-0943v2/103198-0000        1

**PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy Rule 9013-1(f), any opposition to the Motion must be filed and served at least fourteen days prior to the hearing date, and pursuant to Local Bankruptcy Rule 9013-1(h), the failure to file timely an opposition to the Motion may be deemed by the Court to be consent to the granting of relief requested in the Motion.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

(1) authorizing the Debtor to continue using and maintaining its existing Accounts,

(2) authorizing the Bank to debit the Accounts in the ordinary course of business for post-petition ordinary course bank fees,

(3) authorizing the Debtor to continue to use its cash management system, and

(4) granting to the Debtors such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: October 30, 2020

STRADLING YOCCA CARLSON & RAUTH,
a Professional Corporation

By: */s/ Fred Neufeld*
    Fred Neufeld

Attorneys for Debtor World of Dance Tour Inc.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

4851-0466-0943v2/103198-0000      2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   JURISDICTION AND VENUE

The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the case is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105, 345, 363, 1107(a), and 1108.

## II.   STATEMENT OF FACTS

### A.   General Background

On October 23, 2020 (the "Petition Date"), the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") and elected to proceed under Subchapter V as a small business debtor. Since then, the Debtor has been operating as a debtor-in-possession. The Debtor filed for bankruptcy relief with the intent of confirming a chapter 11 plan to resolve the debt issues principally caused by the pandemic, and emerge from chapter 11 in a relatively short time with a healthier balance sheet. *See Declaration of Matthew Everitt* (the Debtor's Chief Financial Officer) attached hereto ("Everitt Decl.") at ¶¶ 3-4.

The Debtor is in compliance with all chapter 11 reporting and financial disclosure requirements, including with respect to the requirements of the Office of the U.S. Trustee ("OUST"). A telephonic initial debtor interview with the OUST is set for Nov. 2, a telephonic Section[1] 341(a) meeting of creditors is set for Nov. 13 at 3:00 p.m., and a status conference in this case is set for December 9 at 10:00 a.m. The Debtor plans to file its chapter 11 plan soon after the status conference. Everitt Decl. at ¶ 5.

### B.   The Debtors' Cash Management System

The Debtor seeks an order allowing the Debtor to deviate from the typical banking requirements of a debtor-in-possession so that it can maintain its existing bank accounts and cash management system, which is necessary for the Debtor to maintain smooth operations and to (a) prevent interruption in the Debtors' receipt of revenues and (b) continue the prompt

---

[1] Unless otherwise indicated, all "Section" references are to the Bankruptcy Code.

payment of post-petition payroll and other obligations that are essential to the maintenance of going-concern operations. The Debtor currently maintains two accounts at Bank of America. One is a merchant banking account, of which the last four digits of the account number is 8443. The other is a checking account, last four digits 9797. Use of the existing bank accounts and the Debtor's cash management system, ensures that the Debtor will be able to accurately record collections, transfers, and disbursements as they are made through the two Accounts. Everitt Decl. at ¶ 6.

Maintaining the Debtor's bank accounts and cash management system will not interfere with the Debtor's performance of its duties as debtor-in-possession, including its obligations to segregate and separately account for prepetition and post-petition financial activities. Moreover, in accordance with the U.S. Trustee Guidelines, the Debtor is in the process of closing its books and records and opening new books and records for the post-petition period. The Debtor believes these measures are reasonable and sufficient to ensure that the Debtor separately accounts for its post-petition financial activities as required. Everitt Decl. at ¶ 7.

## III.    ARGUMENT

### A.    Authorizing the Debtor to Continue to Maintain, Service, and Administer the Accounts in the Ordinary Course of Business is Warranted

The Guidelines and Requirements for Chapter 11 Debtors in Possession, effective January 1, 2020 (the "U.S. Trustee Guidelines"), require debtors in possession in the Central District of California to, among other things, close all prepetition bank accounts and open "a minimum of three new debtor in possession bank accounts (general, payroll and tax) . . . in a bank appearing on the U.S. Trustee list of approved depositories." U.S. Trustee Guidelines, Section 1.D.

Under Section 363(c)(1) of the Bankruptcy Code, courts have waived the strict enforcement of U.S. Trustee Guidelines requiring closing prepetition bank accounts. In *Charter Co. v. Prudential Ins. Co. (In re Charter Co.)*, 778 F.2d 617, 620-21 (11th Cir. 1985), the bankruptcy court authorized the debtor to continue to manage its cash as it had prepetition.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

Case 8:20-bk-12963-TA    Doc 22    Filed 10/30/20    Entered 10/30/20 14:18:25    Desc
Main Document    Page 6 of 12

1  The Eleventh Circuit affirmed, holding that authorizing the debtor to utilize its prepetition routine cash management system was entirely consistent with the Bankruptcy Code. In *In re Baldwin-United Corp.*, 79 B.R. 321, 327 (Bankr. S.D. Ohio 1987), the bankruptcy granted the debtor's request to continue using its existing bank accounts and cash management system. After these and similar cases, it became commonplace for bankruptcy courts to grant cash management motions, usually in the first several days of the bankruptcy case. That includes bankruptcy courts in the Central District of California. *See e.g., In re NG DIP Inc.*, Case No. 2:16-bk-24862-BB (Bankr. C.D. Cal. December 7, 2016) (Judge Bluebond); *In re Verity Health System of California, Inc.*, 2:18-bk-20151-ER (Bankr. C.D. Cal. October 31, 2018) (Judge Robles); *In re Philmar Care, L.L.C.*, Case No. 1:18-bk-12966-MB (Bankr. C.D. Cal. December 21, 2018) (Judge Barash). Granting the Motion will help the Debtor avoid an interruption in the timely collection of funds upon which its operations depend.

In accordance with the U.S. Trustee Guidelines, the Debtor is in the process of closing its books and records and opening new books and records for the post-petition period. Therefore, maintaining the Debtor's bank accounts will not interfere with the Debtor's performance of its duties as debtor-in-possession, including its obligations to segregate and separately account for prepetition and post-petition financial activities, and will not prejudice any party.

The bank where the Debtor's accounts are located is a federally insured institution. All of the funds are maintained in Bank of America, which is an approved depository for funds of debtors in possession by the United States Trustee for Region 16, so the funds in these accounts are protected as required by section 345 of the Bankruptcy Code.

Accordingly, the Debtor respectfully requests that the Court allow it to operate each of the Accounts as they were maintained in the ordinary course of business before the Petition Date, as long as the Debtor maintains separate books and records for the prepetition and post-petition periods.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

4851-0466-0943v2/103198-0000                    5

### B. Authorization to Pay Account Services and Maintenance Fees is Warranted

In the ordinary course of the maintenance and use of the Accounts, the Debtor may incur fees and other charges in connection with, among other things, bank services, check processing and deposits, including fees associated with any overdrafts or any prepetition checks being dishonored as a result of the bankruptcy filing, and transferring funds by wire or other electronic means. Accordingly, pursuant to section 105 and 363 of the Bankruptcy Code, the Debtor seeks authority to pay any ordinary course post-petition bank fees relating to the Accounts. As with the maintenance of the Accounts, the payment of the related bank fees constitute the use of assets in the ordinary course of the Debtor's business. Additionally, the payment of the bank fees will ensure that the Debtor is able to freely and efficiently utilize the funds deposited into the Accounts to maintain its business operations.

### C. The Debtor Should be Authorized to Continue Use of its Cash Management System

The Debtor's cash management system and related procedures constitute ordinary, usual, and essential business practices. The cash management system provides significant benefits to the Debtor, including the ability to control corporate funds centrally, ensure availability of funds when necessary and reduce administrative expenses by facilitating the movement of funds and the development of more timely and accurate balance and presentment information. The operation of the Debtor's business requires that the Debtor be permitted to use its Accounts in its existing cash management system during the pendency of this chapter 11 case.

### D. The Debtor Should Granted Authority to Continue Using Existing Business Forms and Checks

In order to minimize expenses to its estate, the Debtor also requests that it be authorized to continue to use all correspondence and business forms existing immediately prior to the Petition Date without having to order new forms that refer to the Debtor's status as debtor-in-possession. Where possible, the Debtor will designate on its existing forms and correspondence its status as a debtor-in-possession. Parties doing business with the Debtor undoubtedly will be

aware of the Debtor's status as a debtor-in-possession as a result of the publicity surrounding the case. *See* Everitt Decl. at ¶ 3. Changing correspondence and business forms would be expensive, unnecessary, and burdensome to the Debtor's estate and disruptive to the Debtor's business operations and would not confer any benefit upon those dealing with the Debtor. Courts in other cases have granted the same or similar relief to chapter 11 debtors. *See e.g.*, *In re Interco Inc.*, 130 B.R. 101 (Bankr. E.D. Mo. 1991); *In re Johnson*, 106 B.R. 623 (Bankr. D. Neb. 1989).

### IV.     CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order:

(1) authorizing the Debtor to continue using and maintaining its existing Accounts;

(2) authorizing the Bank to debit the Accounts in the ordinary course of business for bank fees;

(3) authorizing the Debtor to continue to use its cash management system; and granting to the Debtors such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated:  October 30, 2020            STRADLING YOCCA CARLSON & RAUTH,
a Professional Corporation

By: */s/ Fred Neufeld*
Fred Neufeld

Attorneys for Debtor World of Dance Tour Inc.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

4851-0466-0943v2/103198-0000            7

# DECLARATION OF MATTHEW EVERITT

I, Matthew Everitt, hereby declare:

1. I am over 18 years of age. If called as a witness, I could and would competently testify with respect to the matters set forth in this declaration from my own personal knowledge or from knowledge gathered from others within the World of Dance Tour Inc. ("WOD" or the "Debtor") organization and the Debtor's advisors, my review of relevant documents, or my opinion based upon my experience concerning the Debtor's operations.

2. I am the Chief Financial Officer of the Debtor. I make this Declaration in support of the *Notice of Motion and Motion of World Of Dance Tour Inc. for Order Authorizing Maintenance of Existing Bank Accounts and Related Relief*.

3. Founded in 2008 in Orange County, California, WOD is a pioneering dance entertainment business with dance competitions in more than twenty-five countries. Prior to the COVID-19 outbreak, each year, WOD held approximately 40 international and 15 domestic U.S. qualifying competitions. Recently, WOD's profile has increased due to a reality TV show inspired by WOD's dance competitions entitled "World of Dance" airing on the NBC television network with celebrity judges Jennifer Lopez, Ne-Yo, and Derek Hough.

4. The Debtor's financial performance has suffered from the COVID-19 pandemic, as the Debtor has been unable to present shows or tours. The Debtor's gross annual revenues dropped from $4.6 million in 2019, to $0.72 million in the first 9 months of 2020 – an 85% drop. On October 23, 2020, the Debtor filed its voluntary petition under chapter 11 of title 11 of the United States Code and elected to proceed under Subchapter V as a "small business debtor." Since then, the Debtor has been operating as a debtor-in-possession. The Debtor filed for bankruptcy relief with the intent of confirming a chapter 11 plan to resolve the debt issues principally caused by the pandemic, and emerge from chapter 11 in a relatively short time with a healthier balance sheet.

5. The Debtor is in compliance with all chapter 11 reporting and financial disclosure requirements, including with respect to the requirements of the Office of the U.S. Trustee ("OUST"). A telephonic initial debtor interview with the OUST is set for Nov. 2, a

telephonic Section 341(a) meeting of creditors is set for Nov. 13 at 3:00 p.m., and a status conference in this case is set for December 9 at 10:00 a.m. The Debtor plans to file its chapter 11 plan soon after the status conference.

6. The Debtor seeks an order allowing the Debtor to deviate from the typical banking requirements of a debtor-in-possession so that it can maintain its existing bank accounts and cash management system, which is necessary for the Debtor to maintain smooth operations and to (a) prevent interruption in the Debtors' receipt of revenues and (b) continue the prompt payment of post-petition payroll and other obligations that are essential to the maintenance of going-concern operations. The Debtor currently maintains two accounts at Bank of America. One is a merchant banking account, of which the last four digits of the account number is 8443. The other is a checking account, last four digits 9797. Continued use of the existing bank accounts and the Debtor's cash management system, ensures that the Debtor will be able to accurately record collections, transfers, and disbursements as they are made through the two Accounts.

7. Maintaining the Debtor's bank accounts and cash management system will not interfere with the Debtor's performance of its duties as debtor-in-possession, including its obligations to segregate and separately account for prepetition and post-petition financial activities. Moreover, in accordance with the U.S. Trustee Guidelines, the Debtor is in the process of closing its books and records and opening new books and records for the post-petition period. The Debtor believes these measures are reasonable and sufficient to ensure that the Debtor separately accounts for its prepetition and post-petition financial activities as required.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this thirtieth day of October, 2020, at Fullerton, California.

_____
Matthew Everitt

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
LOS ANGELES

4851-0466-0943v2/103198-0000          9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
10100 Santa Monica Blvd, Suite 1400, Los Angeles, CA 90067

A true and correct copy of the foregoing document NOTICE OF MOTION AND MOTION OF WORLD OF DANCE TOUR INC. FOR ORDER AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS AND RELATED RELIEF; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MATTHEW EVERITT IN SUPPORT THEREOF will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On October 30, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Nancy S Goldenberg    nancy.goldenberg@usdoj.gov
- Fred Neufeld    fneufeld@sycr.com, tingman@sycr.com
- Mark M Sharf (TR)    mark@sharflaw.com, C188@ecfcbis.com;  sharf1000@gmail.com
- United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

2. SERVED BY UNITED STATES MAIL:
On October 30, 2020, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

PRESIDING JUDGE'S COPY
**V.**  Honorable Theodor C. Albert
United States Bankruptcy Court
Central District of California
Ronald Reagan Federal Building and Courthouse
411 West Fourth Street, Suite 5085 / Courtroom 5B
Santa Ana, CA 92701-4593

Bank of America, NA
P.O. Box 15220
Wilmington, DE 19886-5220

Hyatt Regency San Francisco
5 Embarcadero Center
San Francisco, CA 94111

John Paul Mitchell
20705 Centre Pointe Pkwy
Santa Clarita, CA 91350

Kahana & Feld LLP
2603 Main Street, Suite 350
Irvine, CA 92614

Sweet Lemons, LLC

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

324 South Beverly Dr, #484
Beverly Hills, CA 90212

Employment Development Dept
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Securities & Exchange Commission
444 South Flower St., Suite 900
Los Angeles, CA 90071-2934

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on October 30, 2020, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**SERVED BY EMAIL**
Marilyn.Sorensen@usdoj.gov
Nancy.Goldenberg@usdoj.gov
Frank.Cadigan@usdoj.gov

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 30, 2020 | Christine Pesis | /s/ Christine Pesis |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                               **F 9013-3.1.PROOF.SERVICE**