MARK M. SHARF
Subchapter V Trustee
6080 Center Drive, Suite 600
Los Angeles, CA  90045-1540
Telephone:   818-961-7170
FAX:              323-320-4221
Email :          mark@sharflaw.com

Subchapter V Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In Re: | Case No. 8:20-bk-12963-TA |
| | Chapter 11 |
| WORLD OF DANCE TOUR, INC., | APPLICATION BY SUBCHAPTER V TRUSTEE TO EMPLOY SCHENK GROUP, INC. AS BUSINESS VALUATION EXPERT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEVEN SCHENK IN SUPPORT THEREOF |
| Debtor and Debtor-In-Possession. | |
| | DATE:     MARCH 31, 2021
TIME:      10:00 A.M.
PLACE:   Courtroom 5B
               411 West Fourth Street
               Santa Ana, CA   92701 |

TO THE HONORABLE THEODOR ALBERT, UNITED STATES BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR, AND ALL INTERESTED PARTIES:

　　　Mark M. Sharf, Subchapter V Trustee ("Trustee" and/or "Applicant") in the above-captioned bankruptcy case, hereby applies to this Court in accordance with the provisions of 11 U.S.C. §327(a), for entry of an Order authorizing him to employ Schenk Group, Inc. ("Schenk") as Business Valuation Experts, effective as of March 1, 2021.  Schenk will seek to be compensated pursuant to the provisions of 11 U.S.C. §§ 327 and 330.

1  This case was commenced by the filing of a voluntary Chapter 11 Petition on October 23, 2020 (the "Petition Date") in the United States Bankruptcy Court for the Central District of California. Applicant was appointed as the Subchapter V Trustee on or about that same date.

Prior to the pandemic World of Dance, Inc. ("Debtor") conducted dance competitions in various parts of the United States. In addition, the Debtor licenses its brand to the television network NBC, which has aired a weekly reality TV Show entitled "World of Dance."

During this Chapter 11 case the Debtor's revenues have sharply fallen because no dance competitions have occurred. However, in a rare bright spot the Debtor has received large payments from Facebook, and several other online distribution networks, because several of its online videos have apparently gone viral. During November 2020 - - the first full month of this bankruptcy case - - the Debtor received $91,359.47 from Facebook. See 11/23/2020 entry on page 7 of Docket 70 in this case, denoted "Facebook Passthrough Revenues".

Likewise, in December 2020, the Debtor received $60,598.58 from Facebook ad revenue. See page 7 of Docket 95. The Debtor is at least seven days late in filing its Monthly Operating Report for January, 2021, so no indication of revenues for that month is yet available.

The Debtor was surprised by these deposits, and claims that it was not aware pre-petition that this type of revenue stream could be generated on Facebook.

The Plan of Reorganization [Docket No. 94] sets forth an analysis which estimates the liquidation value of all of the Debtor's intangible assets at $255,000. Incredibly, the Facebook page (facebook.com/worldofdance) which in two months generated over $150,000 of revenues is listed as having a liquidation value of only $50,000. See page 26 of 35 of Doc. 94 in this case.

///
///
///
///
///

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## THE TRUSTEE IS AUTHORIZED TO RETAIN PROFESSIONALS
## IN ACCORDANCE WITH CARRYING OUT HIS STATUTORY DUTIES

11 U.S.C. §327(a) provides in relevant part:

> "(a) Except as otherwise provided in this section, the trustee, with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent <u>or assist the trustee in carrying out the trustee's duties under this title</u>." [underline added for emphasis].

A Subchapter V Trustee is required to:

> "(3) appear and be heard at …any hearing that concerns—
> (A) <u>the value of property</u> subject to a lien;
> (B) <u>confirmation of a plan</u> filed under this subchapter;
> (C) modification of the plan after confirmation; or
> (D<u>)</u> <u>the sale of property</u> of the estate; …"

11 U.S.C. §1183(b)(3).

The Trustee requires expert assistance in determining the value of the estate's intellectual property. This is of particular relevance in determining whether "confirmation of a plan" should occur - - i.e., whether it meets the 'best interests of creditors' test. Finally, to the extent a 'sale of property' is to occur, it is critical to know the value of the property at issue.

Applicant seeks to retain Schenk Group, Inc., for the purpose of valuing the assets of the Debtor's business - - both on a liquidation basis and a going concern basis. In determining whether to grant an Application of the Trustee to employ professionals pursuant to Section 327(a), the courts will typically examine two factors: 1) whether the party to be employed is disinterested; and 2) whether the party is qualified. <u>Aguilar v. Grobstein</u> (<u>In re Aguilar</u>), 2020 WL 6826203 at *2 (Dist. C.D. Cal 2020).

Applicant submits that Schenk Group, Inc. is both disinterested and qualified, based upon the simultaneously filed Statement of Disinterestedness and the attached Declaration of Steven Schenk.

The Trustee is aware of the following statement in the Handbook for Small Business Chapter 11 Subchapter V Trustees published by the United States Department of Justice (and available at https://www.justice.gov/ust/file/subchapterv_trustee_handbook.pdf/download):

> "Under § 327, the debtor and, in appropriate circumstances, the trustee may employ professionals, . . . to assist the debtor or the trustee in performing trustee duties under title 11. Those professionals may be awarded compensation for actual and necessary services and reimbursement for actual and necessary expenses, pursuant to § 330. Bearing in mind the goal of subchapter V to contain expenses, the trustee should carefully consider whether a professional is needed in any given case."

The within case is precisely the type where employment of a professional is warranted. As of the end of December the Debtor had $214,065.39 in its bank account (an increase of approximately $80,000 since this case was filed). The appraiser at issue - - Mr. Schenk - - has been selected both because he is an excellent appraiser (a member of the American Society of Appraisers and A.I.R.A.), but also because he has a reasonable cost structure. He has estimated that his services are likely to result in an invoice of between $15,000 and $25,000 (depending upon whether his testimony is needed). The liquidation values attributed to the Debtor's intellectual property assets appear to be extraordinarily low compared to their income producing capacity, and in order to be able to property determine their true value Applicant requires the assistance of a qualified expert.

II.

PROPOSED EMPLOYMENT OF THE FIRM

A.   Scope and Terms of Employment

As indicated above, the Trustee wishes to employ the Firm as its Valuation Expert. The Firm has agreed to accept employment, effective as of March 1, 2021, at the expense of the bankruptcy estate (the "Estate"), pursuant to 11 U.S.C. § 330. Applicant proposes to retain the Firm on an hourly basis, at the particular rates in effect at the time services are rendered. The Firm will also seek

4

reimbursement of out-of-pocket expenses incurred in this engagement.

The Firm has agreed to, and will be, compensated only upon application to, and approval by, the Bankruptcy Court after notice and a hearing, under the standards set forth in Bankruptcy Code Section 330 and applicable Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules.

The Firm has no agreement to share any compensation for services that have been rendered to date or that will be rendered in the future in any capacity in connection with this case with any other individual or entity, except as among and between the Firm's members and employees.

B.  The Firm's Qualifications

The Firm is highly qualified to serve as the Trustee's Valuation Expert and to render the services for which the Trustee is retaining the Firm.   A copy of the Resume of Steve Schenk is attached as Exhibit A hereto.   A copy of a list of recent cases where Mr. Schenk has testified and been deposed is attached hereto as Exhibit B.

At this time, it is anticipated that Steven Schenk alone will be the individual with the Firm who will be responsible for servicing the Trustee in this matter.

C.  The Firm is Disinterested and Not Adverse to the Estate, and its Employment is in the Best Interests of the Estate

Neither the Firm nor Mr. Schenk represents any creditor with an interest adverse to the Estate. See Schenk Declaration.  Neither the Firm nor Mr. Schenk currently represent any other entity involved in this case, and is disinterested as that term is defined in 11 U.S.C. §1101(14), as the Firm and Mr. Schenk represent and believe that they neither hold nor represent any interest adverse to the interest of the Estate in general or with respect to the matters on which the Firm is to be employed or otherwise.

Applicant is informed and believes that the employment of the Firm upon the foregoing terms and conditions is fair, equitable and in the best interests of the Estate.  As indicated above, given the significance of the assets to this case and creditor recoveries, the Trustee requires a valuation consultant that is independent of the Debtor to provide the advisory and consulting services identified herein.

Based on the foregoing, the Trustee believes employment of the Firm is proper.

WHEREFORE, the Trustee respectfully requests that the Court enter an order; (1) approving the Application; (2) authorizing the Trustee to employ the Firm as his valuation consultant, effective as of March 1, 2021 on the terms stated herein, with the amount of compensation for fees and reimbursement of expenses incurred to be in such amounts as the Court may hereafter award pursuant to 11 U.S.C. § 330, upon proper application; and (2) providing such other and further relief as is proper.

Dated: March 1, 2021

/s/ Mark M. Sharf
MARK M. SHARF
SUBCHAPTER V TRUSTEE

## DECLARATION OF STEVEN SCHENK

I, STEVEN SCHENK, declare as follows:

1. I have personal knowledge of the following facts, and if called upon to testify as a witness thereto, I could and would competently do so.

2. I have been a member of the American Society of Appraisers for 13 years, and a member of the Association of Insolvency & Restructuring Advisors for 15 years. I am the Founder and Managing Director of Schenk Group, Inc. ("Schenk Group"), the firm that the Trustee, Mark M. Sharf, seeks to employ to conduct a valuation of the intellectual property assets of World of Dance Tour, Inc., the Debtor in the instant bankruptcy proceeding.

3. Prior to forming Schenk Group in January of 2020 I was employed by Vantage Point Advisors for eight years. I have been a business appraiser for over 20 years. I have conducted approximately 1000 business valuations either alone or with other appraisers during my career and have served as an expert witness many times on the subject of business valuations. Attached as Exhibit A hereto is a true and correct copy of my Resume. Attached as Exhibit B hereto is a true and correct list of legal cases and depositions wherein I have recently been an expert witness.

4. I have read the foregoing Motion of the Trustee seeking authority to employ Schenk Group as his Business Valuation Expert and believe each of the statements set forth therein to be true and correct.

5. Schenk Group is not associated or affiliated with the Debtor, the Subchapter V Trustee, the United States Trustee nor any person employed by the Office of the United States Trustee, Debtor's creditors, principals or insiders, nor any other party in interest in this case or their respective attorneys or accountants.

6. Neither Schenk Group nor any person comprising or employed by it has any interest adverse to the Estate, and all are disinterested persons as defined in Section 101(14) of the Bankruptcy Code. Schenk Group and any of the persons comprising or employed by it are not and were not creditors, equity security holders, or insiders of the Debtor.

7. Neither Schenk Group nor any of the persons comprising or employed by it has a pre-Petition claim against the Estate.

8. Neither Schenk Group nor any of the persons comprising or employed by it is or was, within two years before the date of the filing of the Debtor's Bankruptcy Petition, a director, officer or employee of the Debtor.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 1st day of March, 2021 at San Diego, California.

_____
STEVEN SCHENK, Declarant

# EXHIBIT A



**STEVE SCHENK ASA, CIRA, MBA**
Managing Director, Schenk Group, Inc.

**OVERVIEW**

Mr. Steve Schenk has over 20 years of experience providing expert witness testimony, litigation support and consulting services in areas of business valuation, marital dissolution, forensic accounting, bankruptcy, lost-profit analyses, and the quantification of economic damages. In addition, he has performed valuations for estate and tax purposes, ownerships transfers, financial reporting purposes and various consulting matters.

Mr. Schenk has served as an expert witness in numerous federal and state, civil and bankruptcy trials, as well as arbitrations.

Mr. Schenk has led numerous engagements involving business valuation, solvency analyses, fresh-start accounting valuations, 363 sales, ESOPs, ASC 350 and 805, and lost-profit analyses. His experience has included companies in a wide range of industries, including asset management; government contractors; hospitality; software, healthcare; manufacturing; commercial and residential construction; professional services; transportation; communications; energy; and airlines.

Mr. Schenk graduated from Brigham Young University where he obtained a BS in Finance, and received his Master of Business Administration (MBA) from The Garvin School of International Management ("Thunderbird"). He is an Accredited Senior Appraiser (ASA) and a member of the American Society of Appraisers. Mr. Schenk is also a Certified Insolvency & Restructuring Advisor (CIRA) and a member of the Association of Insolvency and Restructuring Advisors.

**PROFESSIONAL EXPERIENCE**

- Schenk Group, Inc – Managing Director/Founder
- Vantage Point Advisors, Inc. – Director
- LECG – Senior Managing Consultant
- Mack|Barclay - Director
- Kroll Zolfo Cooper – Associate Managing Director
- PricewaterhouseCoopers – Manager

**BOARDS AND OTHER CIVIC ACTIVITIES**

- Board of Directors (Former) – Encinitas National Little League

**PROFESSIONAL ASSOCIATIONS AND OTHER CREDENTIALS**

- Accredited Senior Appraiser (ASA)
- Certified Insolvency and Restructuring Advisors (CIRA)
- American Society of Appraisers
- Association of Insolvency & Restructuring Advisors
- San Diego Bankruptcy Forum
- BYU Management Society

**FORMAL EDUCATION**

- Brigham Young University, BS – Finance
- Garvin School of International Management "Thunderbird", MBA – International Finance

# EXHIBIT B

# Schenk Group, Inc.
Steve Schenk Testimony

| Date | Case Name |
| --- | --- |
| 12/10/2010 | Gerald H. Davis, Chapter 7 Trustee v. California Bank & Trust; et al. |
| 06/02/2011 | Gerald H. Davis, Chapter 7 Trustee v. T. Waltz |
| 07/17/2012 | Kyung Hee Son v. Mark M. Lee & Joyce S. Lee; et al. |
| 03/04/2013 | Luciani v. Mark Anthony Luciani; Luciani Storage Management, LLC; Sav-On Systems, L.P. |
| 04/08/2013 | Gregory A. Akers, Chapter 7 Trustee; IP Properties, LLC |
| 04/08/2013 | Gregory A. Akers, Chapter 7 Trustee; i2b Networks, Inc. |
| 12/31/2013 | Restful Group B, LLC, Chapter 11 ; Cemeterio Jardines de la Vida Eterna S. de R.L. de C.V. |
| 12/31/2013 | Restful Group, LP, Chapter 11 ; Bosques de la Vida Eterna de Morelos, S. de R.L. de C.V. |
| 01/17/2014 | Restful Group B, LLC and Restful Group, LP, Chapter 11 |
| 03/19/2014 | Swain Creations v. Sunland, Inc., Chapter 7 |
| 06/24/2014 | Transat Trade, Inc., Chapter 11 |
| 06/24/2014 | Chateau Vegas Wines, Inc., Chapter 11 |
| 11/3/2015 | Chinta Mani Sawh v. Lalit Chandh Sawh |
| 12/20/2016 | Shahla Melamed v. Parallax Health Sciences, Inc.; Roxsan Pharmacy, Inc. |
| 03/27/2017 | Crane v. Crane |
| 04/06/2017 | Gordon Mapes, Alicia Mapes and Gordon M. Mapes and Alicia K. Mapes Living Trust, Gordon M. and Alicia K. Mapes TTEEs v. WFG Investments, Inc. and Ryan N. Bowers |
| 11/2/2017 | Reza Sadrian, M.D. v. Farzad Yaghouti, M.D.; Farshad Yaghouti; Global Cosmetic Surgery Center, Inc. |

## Schenk Group, Inc.
Steve Schenk Testimony (Continued)

| Date | Case Name |
|---|---|
| 03/15/2018 | Crane v. Crane |
| 03/19/2018 | Fernandez v. Miller Marine, et al. |
| 03/20/2018 | Pavin v. Pavin |
| 03/22/2018 | Esther J. Kim, Walter N. Cline, and Hummingbird Data Systems, LLC v. Cheryl Estep |
| 09/14/2018 | Brooks v. Meunier |
| 11/27/2018 | Dodd v. Dodd |
| 04/22/2019 | KND Affiliates, LLC v. City of Victorville |
| 07/26/2019 | DuBois v. DuBois |
| 11/25/2019 | Reed v. Reed |

## Schenk Group, Inc.
Steve Schenk Depositions

| Date | Case Name |
|---|---|
| 07/17/2012 | Kyung Hee Son v. Mark M. Lee & Joyce S. Lee; et al. |
| 07/19/2012 | Luciani v. Mark Anthony Luciani; Luciani Storage Management, LLC; Sav-On Systems, L.P. |
| 05/21/2013 | Scripps Performing Arts Center v. State of California |
| 11/12/2013 | Scripps Performing Arts Center v. State of California |
| 06/13/2014 | Gerald H. Davis, Chapter 7 Trustee v. California Bank & Trust; et al. |
| 06/13/2014 | Gerald H. Davis, Chapter 7 Trustee v. T. Waltz |
| 08/04/2014 | Transat Trade, Inc., Chapter 11 |
| 08/04/2014 | Chateau Vegas Wines, Inc., Chapter 11 |
| 09/30/2014 | Varghese v. Amazon.com, Inc. |

| | |
|---|---|
| 04/02/2015 | Christian Credit Counselors v. Globaltribe International, LLC. |
| 09/14/2015 | James Deberry v. Eden Beauty Concepts, Inc. dba Eufora International |
| 09/21/2015 | Chinta Mani Sawh v. Lalit Chandh Sawh |
| 03/29/2016 | Howe Investments TD v. Quarles & Brady LLP |
| 06/17/2016 | Reza Sadrian, M.D. v. Farzad Yaghouti, M.D.; Farshad Yaghouti; Global Cosmetic Surgery Center, Inc. |
| 08/18/2016 | Shane Yonston v. Judith L. Seid; Blue Summit Financial Group, Inc. |
| 08/31/2016 | Tatung Company, Ltd. v. Shu Tze Hsu, et al. |
| 11/28/2016 | Shahla Melamed v. Parallax Health Sciences, Inc.; Roxsan Pharmacy, Inc. |
| 02/05/2018 | Fernandez v. Miller Marine, et al. |
| 03/08/2018 | Crane v. Crane |
| 03/21/2018 | Von Goetz v. Von Goetz |
| 03/05/2019 | KND Affiliates, LLC v. City of Victorville |
| 04/30/2019 | Seipp v. Seipp |
| 08/12/2019 | Barragan v. LNG Logistics, Inc. |
| 2/26/2020 | Farjad Fani v. Shartsis Friese, LLP |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

6080 Center Dr., Suite 600, Los Angeles,  CA 90045

A true and correct copy of the foregoing document entitled (*specify*):    Application By Subchapter V Trustee To Employ Schenk Group, Inc. As Business Valuation Expert _____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  ____3/2/2021_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Nancy S Goldenberg     nancy.goldenberg@usdoj.gov
Alan I Nahmias     anahmias@mbnlawyers.com, jdale@mbnlawyers.com
Fred Neufeld     fneufeld@sycr.com, tingman@sycr.com
Scott H Noskin     snoskin@mbnlawyers.com, aacosta@mbnlawyers.com
Mark M Sharf (TR)     mark@sharflaw.com, C188@ecfcbis.com;sharf1000@gmail.com
United States Trustee (SA)     ustpregion16.sa.ecf@usdoj.gov

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/2/2021 | Mark M. Sharf | /s/ Mark M. Sharf |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                            **F 9013-3.1.PROOF.SERVICE**